## JAMES BROWN *v.* THE STATE.

ESCAPE — JURISDICTION OF THIS COURT — Pending his appeal to this court from the judgment of conviction, and prior to the day assigned for causes from the district, the appellant escaped, and his appeal was dismissed therefor.    Subsequently, being apprehended, the court below passed sentence upon him in pursuance of the judgment, and he appealed from the sentence.    The attorney-general moves to dismiss the appeal.    *Held*, that the jurisdiction of this court over the case was ousted by the escape, and the motion is sustained.

APPEAL from the District Court of Rusk. Tried below before the Hon. A. J. BOOTY.

The conviction was for assault with intent to murder, and the punishment assessed was two years in the penitentiary.

No brief for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WINKLER, J. The appellant was tried and convicted, at the July term, 1878, of the District Court of Rusk County, of an assault with intent to murder one Jim Woods, charged to have been committed on August 13, 1872. From that judgment an appeal was taken by the accused to the Tyler branch of this court, and whilst the appeal was here pending and undetermined, it was made known that the appellant had escaped custody and was at large; and thereupon the court, on motion of the then assistant attorney-general, supported by satisfactory evidence of this escape, dismissed the appeal.

At some time afterwards, where or by what means does not appear, the accused is again found in the custody of the law; and the mandate of this court on his appeal having reached the District Court of Rusk County, in which the trial was had, on February 11, 1879, he was brought into open court by the sheriff, and was sentenced in accordance with the verdict and judgment against him, and the court made the following order: "It is therefore ordered by the court that the verdict of the jury in this cause, returned on July 24, 1878, be affirmed, and that the defendant be adjudged guilty of an assault with intent to murder, in accordance therewith, and that he be, and is hereby, condemned and sentenced to confinement, at hard labor, in the penitentiary of the State of Texas for (2) two years;" and

proceeded to order the removal of the accused to the penitentiary.

To which, the record recites, " the said defendant, by his attorney, excepts, and gives notice of appeal to the Court of Appeals at Galveston, Texas; because, he says, the said defendant, James Brown, appealed from the judgment of this court to the Court of Appeals at Tyler, Smith County, Texas, and was dismissed by said court for reasons set forth in the mandate from said court, having never been adjudicated upon the facts of the cause, and was dismissed by said Court of Appeals some time before the day assigned for taking up causes from this district."

The assistant attorney-general now moves this court to dismiss the present appeal, on the ground that more than one appeal is not authorized by law, and that, the appellant having heretofore appealed from the judgment of conviction, and having forfeited his rights under it by escaping from custody and withdrawing himself from the jurisdiction of the court, he cannot now be heard on another appeal.

We are of opinion that the motion must prevail, under the proviso to article 721 of the Code of Criminal Procedure, as amended by the act of August 21, 1876, p. 217, which is as follows: " *Provided*, that in case the defendant shall make his escape from prison during the pendency of the appeal, then the jurisdiction of the appellate court shall no longer attach in the case; and upon the fact of such escape being made to appear, the court shall, on motion of the attorney-general, or counsel for the State, dismiss the appeal."

The appellant has had the benefit of an appeal, which he has forfeited under the law by escape.

Because this court has no jurisdiction of this appeal, the motion is granted and the appeal is dismissed.

*Appeal dismissed.*